United States District Court
Southern District of Texas
**ENTERED**
September 29, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO JAVIER PLATAS ARCOS,<br>Plaintiff, | § § § § § | CIVIL ACTION NO<br>4:25-cv-04599 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| KRISTI NOEM, *et al*,<br>Defendants. | § § § | |

## ORDER

Petitioner Francisco Javier Platas Arcos filed a petition for writ of *habeas corpus* on September 26, 2025. Dkt 1. He asserts that an immigration judge entered an order finding that the Government had presented insufficient evidence to justify mandatory detention and awarding him bond. Id at ¶29. But the Government reserved its right to appeal, thus triggering the automatic stay provided for by 8 CFR §1003.19(i)(2). Id at ¶30. As such, he remains in custody. Id at ¶31.

Petitioner states causes of action for violation of both substantive and procedural due process. Id at ¶¶65–68, 69–71. He additionally asserts that 8 CFR §1003.19(i)(2) is an *ultra vires* regulation. Id at ¶¶72–74. Among other relief, he seeks immediate release from custody. Id at ¶1. At this juncture, he also requests issuance of a show-cause order under 28 USC §2243. Id at ¶¶9, 16.

Immediate release isn't warranted with entry of this Order. It is noted that Petitioner doesn't identify any delay in his release other than that what appears to be provided for by law. Indeed, from the above, he appears to concede that the order of the immigration judge isn't final, with appeal permitted and an attendant stay.

But Petitioner is entitled to the requested order to show cause. At minimum, he asserts that his present detention violates substantive due process.

Respondents are ORDERED to show cause with a filing that establishes the propriety of Petitioner's continued detention. Such filing must be made by October 1, 2025.

It is also ORDERED that a hearing to consider this matter is hereby SET for October 2, 2025, at 1:30 pm.

It doesn't appear that counsel for Respondents have yet been served or appeared. Counsel for Petitioner is thus ORDERED to provide immediate service of this Order by email directed to the counsel for Government with whom he has been in communication about this matter. Such service doesn't substitute for the requirements of formal service but is instead intended only to provide the Government notice and an opportunity to be heard at this initial juncture.

The parties may jointly request brief resetting, if necessary and agreed.

SO ORDERED.

Signed on September 29, 2025, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge